IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RODERICK T. ALLEN,** )<br>**No. N94327,** )<br>)<br>      **Plaintiff,** )<br>)<br>   vs. )<br>)<br>**C/O M. HANKS, and** )<br>**C/O B. EASTON,** )<br>)<br>      **Defendants.** ) | Case No. 14-cv-00883-JPG |

### MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Roderick T. Allen, an inmate in Menard Correctional Center ("Menard"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on perceived threats by C/O M. Hanks and the denial of extra food trays by C/O B. Easton. Because Plaintiff has more than three strikes for purposes of 28 U.S.C. § 1915(g), the Court denied Plaintiff leave to proceed as a pauper (Doc. 3). The Court also noted that Allen currently owes $3,110 for filing fees owed for district court cases and appeals emanating from this district, not including the $400 fee for this case, which brings the total due to $3,510. Plaintiff was given until September 15, 2014, to pay the full amount owed or face a filing ban. That deadline was elater extended to October 6, 2014 (Doc. 6).

Rather than pay the amount owed, Plaintiff has requested that no filing ban be imposed (Doc. 7), and moved to withdraw the complaint in this action (Doc. 8). Plaintiff is concerned that if a filing ban is imposed he will be precluded from initiating a new action alleging that he

has been retaliated against for his litigation activity, particularly with respect to an ongoing action in this district, *Allen v. Lang*, Case No. 14-cv-98-MJR-SCW (S.D.Ill. filed Jan. 27, 2014).

Whatever future claim Plaintiff may have has no bearing upon whether a filing ban is warranted because, despite having accumulated three strikes under Section 1915(g), Plaintiff continues to file suits without paying the necessary filing fee. The Seventh Circuit has deemed a filing bar an appropriate solution. *See Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995). *See also Ammons v. Gerlinger*, 547 F.3d 724, 726 (7th Cir. 2008) ("[W]hen a prisoner who is subject to § 1915(g) continues filing suits or appeals without paying required fees, this court will enter an order directing the clerks of all courts within this circuit to return all of the litigant's future filings until the necessary fees have been paid.") Despite being warned that a filing ban was a real possibility, Allen has continued to file suits without payment of the fee, and has adopted the approach of characterizing all claims as "emergencies" in an effort to overcome the three strikes bar.

With all that said, the Court is aware that in a situation such as this, where the debts owed to other districts have priority and there is limited income to the inmate's trust fund account, the failure to make payments toward the debts owed in this district may be unavoidable. Moreover, Plaintiff has filed a mixed bag of cases of late, some with merit and even urgency, others of a frivolous nature. Therefore, at this particular time, no ban will be imposed. Although a new case may be received by the Court, with each new case Plaintiff must still clear the three-strikes hurdle and show why he has not paid past filing fees.

Insofar as Plaintiff seeks to voluntarily dismiss his complaint, at this early juncture he is free to do so without the permission of the Court. *See* Fed.R.Civ.P. 41(a)(1)(A). Nevertheless, Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was

filed, thus the filing fee for this case was due and payable, and will be collected. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS HEREBY ORDERED** that, for the reasons stated, Plaintiff's "Petition to Prevent Filing Ban" (Doc. 7) is **GRANTED**; no filing ban will be imposed at this time.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion for Leave to Withdraw the Complaint" (Doc. 8) is **GRANTED**, in that the complaint is hereby **VOLUNTARILY DISMISSED** pursuant to Fed.R.Civ.P. 41(a)(1)(A). Accordingly, the Clerk of Court shall administratively **CLOSE** this case.

**IT IS FURTHER ORDERED** that in accord with *Newlin v. Helman*, 123 F.3d 429 (7th Cir. 1997), and pursuant to the procedure set forth in 28 U.S.C. § 1915(b), Plaintiff shall pay the **$400.00 filing fee** applicable to this civil action as follows:

1. Plaintiff shall make monthly payments of 20% of the preceding month's income credited to Plaintiff's prison trust fund account until the filing fee is paid in full.

2. The agency having custody of Plaintiff shall forward payments from Plaintiff's account to the Clerk of this Court each time the amount in the account exceeds $10 until the filing fee is paid. Payments shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois, P.O. Box 249, East St. Louis, Illinois 62202.

The Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to Plaintiff and to the Trust Fund Officer at Menard Correctional Center *upon entry of this Memorandum and Order*.

**IT IS SO ORDERED.**

**DATED: November 3, 2014**

                                           *s/J. Phil Gilbert*
                                           **United States District Judge**